UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-15-650 |
| | § | |
| CHERYL VICKERS | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Belinda Beek, Assistant United States Attorney, and the Defendant, **CHERYL VICKERS**, and the Defendant's counsel, Chris Tritico, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Criminal Information. Count One charges Defendant with embezzlement in violation of Title 18, United States Code, Section 657. Defendant agrees that loss from her embezzlement is at least One Million, Two Hundred Forty-Seven Thousand, Seven Hundred Eighty-Five Dollars ($1,247,785). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to

1

the punishment either charged in the Criminal Information or proved to a jury or judge beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 657, is imprisonment of not more than thirty years and a fine of not more than $1,000,000. Additionally, the defendant may receive a term of supervised release after imprisonment of up to five years. Title 18, U.S.C. §§ 3559(a)(2) and 3583(b)(1). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then defendant may be imprisoned for the entire term of supervised release up to two years, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a)(2) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order

payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5. The parties understand this Agreement carries NO potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.

## Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a Defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become

3

final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when

sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## Banking Prohibition

9. The defendant agrees that she will not participate in any manner in the conduct of the affairs of any financial institution. "Financial institution" has the meaning defined in 18 U.S.C. Section 20. This prohibition expressly includes, but is not limited to employment. Also, defendant may not solicit, procure, transfer, attempt to transfer, vote, or attempt to vote any proxy, consent, or authorization with respect to any voting rights in any financial institution.

## United States' Agreements

10. The United States agrees to each of the following:

(a) Should Defendant accept responsibility as contemplated by the Sentencing Guidelines, the United States agrees not to oppose Defendant's anticipated request to the Court that she receive a two (2) level downward adjustment pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines. **If, however, Defendant engages in conduct or otherwise acts in a manner inconsistent with acceptance of responsibility, <u>or</u> if the Pre-Sentence Investigation Report does not make a finding of acceptance of responsibility and does not make a recommendation for a downward adjustment for acceptance of responsibility, the United States is not obligated to**

5

> **recommend or to refrain from opposing a downward adjustment for acceptance of responsibility.**

(b) If Defendant qualifies for an adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines with the offense level determined prior to the operation of 3E1.1(a) being level 16 or greater, and the Defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently, and by providing complete information regarding her role in the offense, the United States agrees to request an additional one-level downward adjustment.

### Agreement Binding - Southern District of Texas Only

11. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct that is the basis of the charge in the Criminal Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney or any other unit of the Department of Justice. The United States will bring this plea agreement and the full extent of Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under the guidelines sentencing. Specifically, the United States reserves the right:

6

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with the Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13. Defendant is aware that her sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553. Defendant nonetheless acknowledges and agrees that the Court has the authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.

If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a Defendant include the following:

- (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agreed.

- (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

- (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

- (d) The defendant has a right to have the United States Attorney present the charges in the Criminal Information to a Grand Jury consisting of not less than sixteen (16) nor more than twenty-three (23) impartial

citizens, who would hear the facts of the case as presented by the United States Attorney and witnesses, and then return an indictment against the defendant only if twelve (12) or more members of the Grand Jury found that there was probable cause to believe the Defendant committed the crime charged in the Criminal Information.

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because she <u>is</u> guilty of the charges contained in Count One of the Criminal Information. If this case were to proceed to trial, the United States would prove each element of the offense beyond a reasonable doubt. Defendant understands and agrees that the following facts, **among others**, would be offered to establish Defendant's guilt:

Between in or about January 1997, continuing through in or about February 2015:

- **CHERYL VICKERS** was employed by the Houston Police Federal Credit Union (HPFCU or credit union) in Houston, Texas as Vice-President of Accounting.

- The deposits of HPFCU were insured by the National Credit Union Administration Board.

- After **VICKERS** retired in February 2015, a credit union customer brought in a "stale" check to have it reissued. A "stale" check is an old check that has been issued by the credit union but never cashed.

- Credit union records showed that the stale check had already been reissued by **VICKERS**.
- After discovering the re-issued stale check, the credit union conducted an audit of **VICKERS'** banking activity and discovered that from January 1997 until she retired in February 2015 **VICKERS** had embezzled at least $1,247,785 by various means, including but not limited to re-issuing stale checks.
- The credit union maintained a ledger of its stale checks. Records show that **VICKERS** reissued stale checks to credit card companies to pay her personal credit card bills.
- The checks to the credit card companies, some of which had **VICKERS** credit card number hand-written on them, were issued from an HPFCU account.
- On or about February 4, 2015, **VICKERS** reissued a stale check in the amount of $7,800 to pay her Chase Bank credit card bill.
- **VICKERS** admitted to agents of the Federal Bureau of Investigation that while employed at HPFCU, she took HPFCU money without authorization or permission.
- Between January 1997 and February 2015, Defendant embezzled at least

$1,247,785.

## Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

17. Whether Defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Restitution, Forfeiture, and Fines--Generally

18. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in

which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States. Defendant agrees to forfeit whatever interest she may have in assets related to the commission of embezzlement at the Houston Police Federal Credit Union.

19. Defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement (USAO-SDTX Financial Statement, Form OBD-500 or similar form) and providing it to the United States **prior to the entry of this Plea Agreement**. Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure. Defendant understands and agrees that any false information in any form that Defendant provides to the United States could result in additional prosecution of Defendant.

20. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a

warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

21. Defendant understands that forfeiture, restitution and fines are separate aspects of sentencing and are separate obligations.

### Restitution

22. Defendant agrees to pay full restitution of at least One Million, Two Hundred Forty-Seven Thousand, Seven Hundred Eighty-Five Dollars ($1,247,785) to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

23. Defendant stipulates and agrees that the factual basis for her guilty

plea supports the forfeiture of at least One Million, Two Hundred Forty-Seven Thousand, Seven Hundred Eighty-Five Dollars ($1,247,785) against her and in favor of the United States, and Defendant agrees to the imposition of a personal money judgment for that amount against her and in favor of the United States of America. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, Section 853(p) exists. Defendant agrees to forfeit any of her property, or her interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal rule of Criminal Procedure 32.2(b)(4)(A).

24. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

25. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable

14

immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

26. This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant and her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that she is pleading guilty freely and voluntarily because she is guilty.

27. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on January 20, 2016.

_____
Defendant

Subscribed and sworn to before me on January 20, 2016.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: _____      _____
Belinda Beek                             Chris Tritico
Assistant United States Attorney         Attorney for CHERYL VICKERS

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-15-650 |
| CHERYL VICKERS | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant her rights with respect to the pending Criminal Information. I have reviewed the provisions of the United States Sentencing Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Chris Tritico
Attorney for Defendant

1-20-16
Date

I have consulted with my attorney and fully understand all my rights with respect to the Criminal Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Guidelines Manual and Policy Statements which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

_____          _1·20·16_____
CHERYL VICKERS                                       Date
Defendant